**Ralph Ellis LEYVAS, Petitioner—Appellant,**

v.

**People of the State of CALIFORNIA; Kenneth Dow, Respondents—Appellees.**

No. 01–56636.

D.C. No. CV–99–00269–RT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 14, 2003.

Decided Feb. 19, 2003.

Before HALL, KOZINSKI and RAWLINSON, Circuit Judges.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## MEMORANDUM*

The state trial court's determination that Leyvas knowingly and intelligently waived his right to counsel was not "contrary to, or . . . an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

■ The court reasonably credited the opinion of Leyvas's preliminary hearing counsel in determining whether a competency hearing was necessary. Leyvas's hypertension, migraine headaches and dizziness, and his accusations that appointed counsel was conspiring against him, did not give the court reason to doubt his competency, and thus did not require a hearing. *See Godinez v. Moran,* 509 U.S. 389, 401 n. 13, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993).

■ The court reasonably determined that Leyvas's waiver of his right to counsel was unequivocal. The court asked Leyvas whether he wanted to represent himself, and he responded, "Yeah. I'll represent myself." The court then listed the benefits Leyvas was foregoing and asked if he understood, to which he responded, "I most certainly do." Finally, the court asked whether he thought he could perform as counsel, and he said, "Yes, ma'am, I do." Leyvas's subsequent refusal to waive his right to bring ineffective assistance claims does not render his waiver of counsel equivocal. His remark that he did not want to "give up any of [his] rights" does not render his waiver of counsel equivocal, because it was also consistent with his invocation of the right to self-representation. *See Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

■ The state court did not unreasonably apply Supreme Court law by failing to inform Leyvas of the sentence he faced. No Supreme Court decision requires the court to impart that information. The court must ensure the defendant is aware of the "dangers and disadvantages of self-representation," *id.* at 835, but this requirement does not clearly extend to information about potential penalties.

■ Nor did the court unreasonably apply Supreme Court law by failing to inform Leyvas that he would not have the assistance of a competent investigator who could subpoena witnesses for him. Because the court specifically told Leyvas he would have to subpoena witnesses himself, a further warning that an investigator would not do so for him would have been redundant.

**AFFIRMED.**